UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

STEVEN M. VANDEVANDER,
         *Plaintiff-Appellant,*

v.

RICHARD J. VOORHAAR, the Sheriff of
St. Mary's County and individually,
         *Defendant-Appellee,*

and

ST. MARY'S COUNTY SHERIFF'S
OFFICE,
         *Defendant.*

No. 01-1865

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-99-1911-CCB)

Submitted: January 30, 2002

Decided: February 20, 2002

Before KING and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Joe C. Ashworth, Leonardtown, Maryland, for Appellant. Kevin Karpinski, Victoria M. Shearer, ALLEN, JOHNSON, ALEXANDER & KARP, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Steven Vandevander appeals the district court's order granting summary judgment to Appellee on his sexual harassment and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 2000e-3(a). We affirm.

This court reviews de novo a district court's order granting summary judgment and construes the facts in the light most favorable to the nonmoving party. *Scheduled Airlines Traffic Offices, Inc. v. Objective, Inc.*, 180 F.3d 583, 590-91 (4th Cir. 1999). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party discharges its burden by showing there is an absence of evidence to support the nonmoving party's case, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the nonmoving party must come forward with specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Appellant first argues he was sexually harassed because he resisted a co-worker's sexual advances, and her actions created a hostile work environment. In order to state a claim for a hostile work environment, an Appellant must show: "(1) the harassment was unwelcome; (2) the harassment was because of sex; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998).

To determine whether the harassment is severe enough to create a hostile work environment, a court should consider: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; (4) whether it unreasonably interferes with an employee's work performance; and (5) whether it resulted in psychological harm. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *Conner v. Scharader-Bridgeport, Int'l., Inc.*, 227 F.3d 179, 193 (4th Cir. 2000). The district court properly concluded Vandevander failed to show sexual harassment severe enough to constitute a hostile work environment.

Vandevander also claims he was unlawfully terminated for filing sexual harassment and retaliation complaints with the EEOC. In order to establish a prima facie case of retaliation in violation of Title VII, Vandevander must show (1) he engaged in protected activity; (2) his employer took an adverse employment action against him; and (3) a causal connection existed between the protected activity and the adverse action. *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994). If Vandevander establishes a prima facie case, the burden shifts to the Appellees to produce evidence of a "legitimate, non-discriminatory reason" for the termination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). If the Appellee meets this burden, Vandevander must show the explanation for the decision to terminate him was a pretext for intentional retaliation. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48 (2000).

Although Vandevander engaged in protected activity and suffered an adverse employment action, we conclude he failed to establish a causal link between his protected activity and his termination. Even if Vandevander established a prima facie case for retaliation, Vandevander cannot rebut his employer's legitimate, non-discriminatory reason for his termination. Because Vandevander has not shown the decision to terminate him was a pretext for intentional retaliation, *see Reeves*, 530 U.S. at 147-48, we conclude the district court did not err in granting summary judgment in favor of the Appellee.

Accordingly, we affirm the district court's order. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*